## Case No. 7,470.
### JONES v. INSURANCE CO.
[2 Wall. Jr. 278.] [1]
Circuit Court, E. D. Pennsylvania. Nov. 5, 1852.

T. I. Wharton and Henry Wharton, in support of demurrer.

W. Rawle and J. Fallon, cóntra.

GRIER, Circuit Justice. Although some of the treatises on marine insurance do not, in treating this subject, make any distinction between voyage and time policies, and many dicta of judges may be found, to the same effect, while others (see Paddock v. Franklin Ins. Co., 11 Pick. 231, and cases there cited) express doubt, the precise point does not appear to have been decided on full argument in a court of error till very lately. The case of Small v. Gibson. 3 Eng. Law & Eq. 290–299, 14 Jur. 368, and 15 Jur. 325, was first argued and decided in the queen's bench, in November, 1850, and it was there decided, "that there is an implied warranty of seaworthiness in time policies, if nothing appear in them to the contrary, as well as in policies on a voyage." This case was removed by writ of error to the exchequer chamber, where the judgment of the queen's bench was reversed. The opinion of Baron Parke, which had the concurrence of the whole court, contains a full review of all the cases and arguments bearing on the subject. This decision of a doubtful point is of the highest authority, and as I fully assent to the reasons on which it is founded, I consider it conclusive on the general question, and shall therefore content myself by referring to that case, where the arguments on both sides of the question have been exhausted by the counsel and court. It is true this case does not decide, that there is no warranty of seaworthiness at all in a time policy, or that there is not a warranty that the ship is or shall be seaworthy for that voyage, if the ship be then about to sail on a voyage; or if she be at sea that she was not seaworthy when the voyage commenced. It may be true, also, that there is in a time policy a warranty of seaworthiness at the commencement of the risk, so far as lay in the power of the assured to effect it, so that if the ship had met with damage before, and could have been repaired by the exercise of reasonable care and pains, and was not, the policy would not attach. But in all such cases the plea must state such facts and circumstances as shall show either that at the time the insurance commenced, the ship was in her original port of departure, and commenced her voyage in an unseaworthy condition, and so continued till the time of her loss—

[1] [Reported by John William Wallace, Esq.]

or that having come into a distant port in a damaged condition before or after the commencement of the risk, where she might and ought to have been repaired, and the owner or his agents neglected to make such repairs, and the vessel was lost by a cause, which may be attributed to the insufficiency of the ship. As neither of these pleas comes within the conditions stated, we overrule them, and give judgment for plaintiff on the demurrers.